UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRED PLUMMER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-1161 (RMU) |
| DISTRICT OF COLUMBIA *et al.*, | ) |
| Defendants. | ) |
| FRED PLUMMER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-1972 (RMU) |
| ADRIAN FENTY, Mayor | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Fred Plummer, while incarcerated in the District of Columbia jail and proceeding *in forma pauperis*, filed *pro se* complaints in these two actions. Statute obligates a district court to screen cases seeking civil damages from government entities, officers or employees that have been filed by prisoners proceeding *in forma pauperis*. 28 U.S.C. § 1915A. In accord with that review, the complaints in these two cases will be consolidated, the second-filed case will be terminated and, in the first-filed case, two motions by plaintiff for monetary relief will be denied as moot, plaintiff's motion for appointed counsel will be denied without

prejudice, and defendant's pending motion to dismiss will be denied without prejudice to renew within 30 days.

The claims asserted in pending Civil Action No. 07-1972 arise out of the same facts giving rise to the claims asserted in an earlier filed and still pending Civil Action No. 07-1161. In both cases, the plaintiff complains of the same three specific incidents: an assault on him by a fellow inmate assigned to be his cell mate, witnessing two attempted suicides by a different cell mate, and staff identifying him to other inmates as a "snitch." In the earlier-filed action, the plaintiff asserted a claim under 42 U.S.C. § 1983 for violation of his Eighth Amendment protection against cruel and unusual punishment, named the District of Columbia and its Department of Corrections as defendants, and prayed for $25 million in damages. (*See* Compl. 07-1161 at 1, 2.) In the later-filer case, he asserted claims for negligence, personal injury, violations of due process and "false statements," named the D.C. Mayor in his official capacity, and prayed for $65 million in damages and injunctive relief in the form of "adequate medical care." (*See* Compl. 07-1972 at 1, 3.)

These two separate complaints violate the prudential rule against claims splitting that is a concomitant of the doctrine of claim preclusion. *See NextWave Personal Comm'cns, Inc. v. F.C.C.,* 254 F.2d 130, 143 (D.C. Cir. 2001) ("Claim preclusion prevents parties from relitigating issues they raised *or could have raised* in a prior action on the same claim.") (citing *Allen v. McCurry,* 449 U.S. 90, 94 (1980) (emphasis added)). Because pro se complaints are to be held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner,* 404 U.S. 519, 520 (1972), the later-filed complaint will be construed as a supplement to the earlier-filed complaint, and the later-filed action will be terminated. Because supplementing the complaint

2

effectively amends the complaint, the pending motion to dismiss in Civil Action 07-1161 will be denied without prejudice, and the District of Columbia will be directed to either file an answer within 10 business days, Fed. R. Civ. P. 12(a)(4), or file an appropriate dispositive motion within 30 days of the date of this Order.

In these two suits, the plaintiff names as defendants the District of Columbia, its Department of Corrections, and its Mayor in his official capacity. Suits brought against individuals in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham,* 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 690 n.55 (1978)). "A section 1983 suit for damages against municipal officials in their official capacities is . . . equivalent to a suit against the municipality itself." *Atchinson v. District of Columbia,* 73 F.3d 418, 424 (D.C. Cir. 1996). Therefore, because the District of Columbia and its Mayor in his official capacity represent the same entity for purposes of suit, the Mayor, who is the sole defendant in the later-filed action, will not be added as a defendant to the earlier-filed action. To do so would be redundant. The D.C. Department of Corrections, however, is not an entity that has the capacity to be sued. Instead, any injury for which the D.C. Department of Corrections is responsible may be redressed in a damages suit only against the District of Columbia, which is a an entity that can sue and be sued. For this reason, the Department of Corrections will be dismissed as a defendant from this suit.

In the first-filed case, the plaintiff filed a "Motion for Monetary Relief," *see* Dkt. # 6, and a "Motion to Grant Monetary Relief," *see* Dkt. # 10. These two motions are redundant in that they seek relief identical to the relief requested in the complaint and in the opposition to the

defendant's motion to dismiss, respectively.  Because the motions are redundant, they will be denied as moot.

Plaintiff also moved for appointment of counsel.  A plaintiff in a civil case does not have an absolute constitutional or statutory right to court-appointed counsel.  *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981).  Appointment of counsel for a *pro se* plaintiff proceeding *in forma pauperis* must take into account the nature and complexity of the action, the potential merit of the *pro se* party's claims, the demonstrated inability of the *pro se* party to retain counsel by other means, and the degree to which the interests of justice will be served by appointment of counsel.  Local Civil Rule 83.11(b)(3).  The case has not yet presented complex legal issues, and it appears that factual issues will determine its disposition.  Because the interests of justice do not warrant appointment of counsel, the plaintiff's motion for appointed counsel will be denied without prejudice.

For the foregoing reasons, it is this 26th day of August, 2008, hereby

ORDERED that the complaint in Civil Action No. 07-1972 be, and hereby is, CONSTRUED as a supplement to the complaint in Civil Action No. 07-1161.  The Clerk is DIRECTED to enter the complaint in 07-1972 on the docket in 07-1161 as a "supplement to the complaint," and to terminate Civil Action No. 07-1972 and any pending motions in that case.  It is

FURTHER ORDERED that the defendant's pending motion to dismiss [Dkt. # 7] in Civil Action No. 07-1161 be, and hereby is, DENIED without prejudice.  It is

FURTHER ORDERED that defendant D.C. Department of Corrections be, and hereby is, dismissed as a defendant from Civil Action No. 07-1161.  It is

FURTHER ORDERED that the plaintiff's two motions for monetary relief [Dkt. #6, # 10] in Civil Action No. 07-1161 be, and hereby are, DENIED as moot. It is

FURTHER ORDERED that the plaintiff's motion for appointed counsel [Dkt. # 12] in Civil Action No. 07-1161 be, and hereby is, DENIED without prejudice.

SO ORDERED.

RICARDO M. URBINA
United States District Judge